UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JOSE MIGUEL HERNANDEZ and FRANCISCO                    Civil Action No.
UMANA CABRERA,

                          Plaintiffs,

     -against-

TWIN HARBORS RESTAURANT CORP. and
KURT PEDERSEN,

                         Defendants.
-----------------------------------------------------------------------X

## COMPLAINT

Plaintiffs, JOSE MIGUEL HERNANDEZ and FRANCISCO UMANA CABRERA (hereinafter collectively, "Plaintiffs"), as and for their Complaint against Defendants, TWIN HARBORS RESTAURANT CORP. and KURT PEDERSEN (hereinafter collectively, "Defendants"), respectfully allege as follows:

## JURISDICTION AND VENUE

1.     Plaintiffs bring this action under the Fair Labor Standards Act (hereinafter, the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law (hereinafter, "NYLL"), and the supporting New York State Department of Labor Regulations of the Official Compilation of Codes, Rules, and Regulations of the State of New York promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (hereinafter, the "Regulations"), including Part 146 of Title 12, to recover unpaid overtime compensation, unpaid spread of hours compensation, and for other relief.

2.     Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.      The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## **PARTIES**

5.      Plaintiff Jose Miguel Hernandez (hereinafter, "Hernandez") was employed by Defendants as a kitchen assistant from on or about May 2001 until on or about May 28, 2017 at Defendants' "Twin Harbors Restaurant" located at 341 Bayville Avenue, Bayville, New York 11709.

6.      Plaintiff Francisco Umana Cabrera (hereinafter, "Cabrera") was employed by Defendants as a cook from on or about 1995 through on or about April 12, 2017 at Defendants' "Twin Harbors Restaurant" located at 341 Bayville Avenue, Bayville, New York 11709.

7.      According to the New York State Department of State, Division of Corporations, Defendant Twin Harbors Restaurant Corp. (hereinafter, "Twin Harbors") is a New York domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      According to the New York State Department of State, Division of Corporations, Defendant Twin Harbors maintains a principal executive office located at 341 Bayville Avenue, Bayville, New York 11709.

9.      Upon information and belief, at all relevant times, Defendant Twin Harbors owned and operated the "Twin Harbors Restaurant" located at 341 Bayville Avenue, Bayville, New York 11709.

10.     Upon information and belief, Defendant Kurt Pedersen (hereinafter, "Pedersen") is a resident of the State of New York.

11.     Upon information and belief, at all relevant times, Defendant Pedersen was a shareholder, owner, officer, director, and/or managing agent of Defendant Twin Harbors.

12.     Upon information and belief, at all relevant times, Defendant Twin Harbors was owned, operated, and/or controlled by Defendant Pedersen.

13.     Upon information and belief, at all relevant times, Defendant Pedersen exercised operational control over Defendant Twin Harbors, controlled significant business functions of Defendant Twin Harbors, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant Twin Harbors in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

14.     Upon information and belief, at all relevant times, Defendant Pedersen participated in running the daily operations of Defendant Twin Harbors.

15.     Upon information and belief, at all relevant times, Defendant Pedersen participated in the management and supervision of Plaintiffs and their work for Defendants at the "Twin Harbors Restaurant."

16.     Defendants had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

17.     Defendants maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices applied to them.

18.     Defendants Twin Harbors and Pedersen are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, employed Plaintiffs.

3

## FACTS

19.     At all times relevant to this action, Plaintiffs were employed for the benefit of and at the direction of Defendants at their "Twin Harbors Restaurant."

20.     During the relevant period of their employment with Defendants, Plaintiffs were not required to clock-in at the beginning of their shifts or to clock-out at the end of their shifts.

21.     Upon information and belief, Defendant Pedersen wrote the times that Plaintiffs began and ended each shift in a notebook each day.

22.     Upon information and belief, Defendants are in possession of Plaintiffs' time records for the hours that Plaintiffs worked on a daily and weekly basis.

23.     During the relevant period of Plaintiff Hernandez's employment, his primary duties included preparing food for the cooks, making salads, and preparing desserts.

24.     During the relevant period of Plaintiff Cabrera's employment, his primary duties included preparing and cooking food.

25.     In addition to the duties performed by Plaintiffs at the "Twin Harbors Restaurant," Defendant Pedersen also required Plaintiffs to perform manual labor at his personal residence, the residence of his father, and the residence of his mother-in-law, including shoveling snow, raking leaves, gardening, and cleaning the yards.

26.     From about April through about October of each year during the relevant period of Plaintiff Hernandez's employment, Plaintiff Hernandez worked at the "Twin Harbors Restaurant" seven (7) days per week as follows: Monday through Thursday from about 2:00 p.m. until about 11:30 p.m., and Friday through Sunday from about 11:00 a.m. until about 12:00 a.m.

27.     From about November through about March of each year during the relevant period of Plaintiff Hernandez's employment, Plaintiff Hernandez worked the same schedule at the "Twin Harbors Restaurant" but with Monday off.

28.     Additionally, year-round, Plaintiff Hernandez worked at the various aforementioned residences on Monday and Wednesday each week from about 8:00 a.m. until about 12:00 p.m.

29.     During the relevant period of Plaintiff Hernandez's employment, he was not given and did not take uninterrupted meal breaks during his shifts.

30.     During this time, Plaintiff Hernandez worked eighty-five (85) hours per week during those weeks in which he worked seven (7) days, and seven-five and one-half (75.5) hours per week during those weeks in which he did not work on Monday at the restaurant.

31.     From about April through about October of each year during the relevant period of Plaintiff Cabrera's employment, Plaintiff Cabrera worked at the "Twin Harbors Restaurant" seven (7) days per week as follows: Monday through Thursday from about 3:00 p.m. until about 11:30 p.m., and Friday through Sunday from about 11:00 a.m. until about 11:30 p.m.

32.     From about November through about March of each year during the relevant period of Plaintiff Cabrera's employment, Plaintiff Cabrera worked the same schedule at the "Twin Harbors Restaurant" but with Tuesday off.

33.     Additionally, year-round, Plaintiff Cabrera worked at the various aforementioned residences on Monday and Wednesday each week from about 8:00 a.m. until about 12:00 p.m.

34.     During the relevant period of Plaintiff Cabrera's employment, he was not given and did not take uninterrupted meal breaks during his shifts.

35.     During this time, Plaintiff Cabrera worked seventy-nine and one-half (79.5) hours per week during those weeks in which he worked seven (7) days, and seventy-one (71) hours per week during those weeks in which he did not work on Tuesday at the restaurant.

36.     During the relevant period of Plaintiffs' employment, Defendants paid Plaintiffs an hourly rate of pay.

37.     During the relevant period of Plaintiffs' employment, Defendants paid Plaintiffs in cash on a weekly basis.

38.     During the relevant period of Plaintiffs' employment, Defendant Pedersen added the number of hours that Plaintiffs worked at the aforementioned residences to the number of hours that they worked at the "Twin Harbors Restaurant," and paid them for such additional hours through the restaurant at the same hourly rate.

39.     During the relevant period of Plaintiffs' employment, Defendants paid Plaintiffs straight-time for all hours worked.

40.     During the relevant period of Plaintiffs' employment, Defendants did not pay Plaintiffs overtime compensation for any hours that they worked in excess of forty (40) hours per week.

41.     During the relevant period of Plaintiffs' employment, Defendants did not pay Plaintiffs one and one-half times their regular rates of pay for any of the hours that they worked in excess of forty (40) hours per week.

42.     During the relevant period of Plaintiffs' employment, Plaintiffs regularly worked shifts that exceeded ten (10) hours per day.

43.     Despite Plaintiffs working shifts that exceeded ten (10) hours per day, Defendants did not pay them spread of hours compensation at a rate of one (1) additional hour of pay at the statutory minimum wage rate for each day that they worked in excess of ten (10) hours.

44.     Defendants did not provide Plaintiffs with complete and accurate earnings statements, pay stubs, cash receipts, or any other complete and accurate wage statement along with their weekly earnings, as required by the NYLL.

45.     Defendant Pedersen participated in the decision to fire Plaintiffs.

46.     Defendant Pedersen participated in setting Plaintiffs' work schedules.

47.     Defendant Pedersen participated in deciding the hours that Plaintiffs worked.

48.     Defendant Pedersen participated in deciding the manner in which Plaintiffs were paid.

49.     Defendant Pedersen participated in the daily supervision of Plaintiffs' duties.

50.     Defendant Pedersen participated in deciding the job duties that Plaintiffs performed on a daily basis.

51.     Defendant Pedersen participated in running the day-to-day operations of Defendant Twin Harbors during Plaintiffs' employment.

52.     Defendants managed Plaintiffs' employment, including the amount of overtime worked.

53.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

54.     Defendants were aware of Plaintiffs' work hours but failed to pay them the full amount of overtime compensation to which they were entitled for this work time under the law.

55.     Defendants were aware that Plaintiffs regularly worked in excess of ten (10) hours per day but failed to pay them the full amount of spread of hours compensation to which they were entitled for this work time under the law.

56.     Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights, and Plaintiffs have been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

57.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

58.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce."  29 U.S.C. § 207(a)(1).

59.     Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant Twin Harbors was and continues to be an enterprise engaged in commerce or in the production of goods for commerce.

60.     At all times relevant to this Complaint, Defendant Twin Harbors had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiffs who handled food items and other kitchen equipment that originated outside of the State of New York.

61.     Upon information and belief, the gross annual volume of sales made or business done by Defendant Twin Harbors for the years 2016 and 2017 was not less than $500,000.00.

62.     At all times relevant to this action, Plaintiffs were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

63.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

64.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiffs overtime compensation as required by the FLSA.

65.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

66.     However, none of the Section 13 exemptions apply to Plaintiffs because they have not met the requirements for coverage under the exemptions.

67.     Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

68.     Defendants have not acted in good faith with respect to the conduct alleged herein.

69.     As a result of Defendants' violations of the FLSA, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO COMPENSATE FOR OVERTIME**

70.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

9

71.     At all times relevant to this Action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

72.     At all times relevant to this Action, Defendants were "employers" of Plaintiffs within the meaning of the NYLL and the supporting Regulations pertaining thereto.

73.     At all times relevant to this Action, Defendant Twin Harbors was a restaurant as defined by the regulations pertaining to the NYLL.

74.     At all times relevant to this Action, Plaintiffs were "employees" of Defendants within the meaning of the NYLL and the supporting Regulations pertaining thereto.

75.     At all times relevant to this Action, Plaintiffs were "employees" in the hospitality industry as defined by the regulations pertaining to the NYLL.

76.     At all times relevant to this Action, Defendants employed Plaintiffs, suffering or permitting them to work within the meaning of the NYLL and the supporting Regulations pertaining thereto.

77.     The overtime wage provisions of Article 19 of the NYLL and its supporting Regulations apply to Defendants and protect Plaintiffs.

78.     Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 146-1.4.

79.     By the above-alleged conduct, Defendants failed to pay Plaintiffs overtime compensation as required by the NYLL and the Regulations pertaining thereto.

80.     By the above-alleged conduct, Defendants failed to pay Plaintiffs overtime compensation for the time periods in which they worked in excess of forty (40) hours per week.

81.     Plaintiffs were not exempt from the overtime provisions of the NYLL, because they

did not meet the requirements for any of the reduced number of exemptions available thereunder.

82.     Defendants acted willfully and either knew that their conduct violated the NYLL or showed a reckless disregard for the matter of whether their conduct violated the NYLL.

83.     Defendants have not acted in good faith with respect to the conduct alleged herein.

84.     As a result of Defendants' violations of the NYLL, Plaintiffs have incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## FAILURE TO PAY SPREAD OF HOURS COMPENSATION

85.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

86.     In violation of the NYLL and the regulations pertaining thereto, Defendants failed to pay Plaintiffs an additional hour of pay at the statutory minimum wage rate when the spread of hours between the beginning and end of Plaintiffs' workday exceeded ten (10) hours.

87.     Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs.

88.     Defendants acted willfully and either knew that their conduct violated the NYLL or showed a reckless disregard for the matter of whether their conduct violated the NYLL.

89.     Defendants have not acted in good faith with respect to the conduct alleged herein.

90.     As a result of Defendants' violation of the NYLL and the regulations pertaining thereto, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
### ARTICLE 6, SECTION 195(3)
### FAILURE TO PROVIDE WAGE STATEMENTS

91.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

92.     Defendants willfully failed to provide Plaintiffs complete and accurate wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

93.     Through their knowing and intentional failure to provide Plaintiffs with complete and accurate wage statements, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

94.     Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, by and through their attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally, and in favor of Plaintiffs, for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.     Declare and find that Defendants committed one or more of the following acts:

1.     Violated provisions of the FLSA by failing to pay overtime compensation to Plaintiffs;

2.     Willfully violated the provisions of the FLSA;

3.     Violated the provisions of the NYLL by failing to pay overtime and spread of hours compensation to Plaintiffs;

4.     Willfully violated the applicable provisions of the NYLL;

5.     Violated the provisions of the NYLL by failing to provide wage statements to Plaintiffs;

B.     Award compensatory damages, including all overtime and spread of hours compensation owed, in an amount according to proof;

C.     Award liquidated damages under the NYLL, or alternatively the FLSA;

D.     Award statutory damages under the NYLL;

E.     Award interest on all NYLL overtime and spread of hours compensation due accruing from the date such amounts were due;

F.     Award all costs, disbursements, and attorney's fees incurred in prosecuting this action; and

G.     Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       May 3, 2019

                             _____
                             Neil H. Greenberg, Esq.
                             Neil H. Greenberg & Associates, P.C.
                             *Attorneys for the Plaintiffs*
                             4242 Merrick Road
                             Massapequa, New York 11758
                             Tel: 516.228.5100
                             nhglaw@nhglaw.com

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Twin Harbors Restaurant Corp., Kurt Pendersen** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Twin Harbors Restaurant Corp., Kurt Pendersen** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

Mr. Francisco Umana Cabrera

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Twin Harbors Restaurant Corp., Kurt Pendersen** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Twin Harbors Restaurant Corp., Kurt Pendersen** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

Mr. Jose Miguel Hernandez

- 1 -