UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JOSE MIGUEL HERNANDEZ and FRANCISCO
UMANA CABRERA,                                                    Case No. 19-cv-2626

                                        Plaintiffs,

                                                                 **ANSWER**

          -against-

TWIN HARBORS RESTAURANT CORP. and KURT
PEDERSEN,

                                        Defendants.
-----------------------------------------------------------------------X

Defendants, TWIN HARBORS RESTAURANT CORP. and KURT PEDERSEN by and through their attorneys, FORCHELLI DEEGAN TERRANA LLP, as for their Answer to plaintiffs' complaint herein as follows:

1.      Defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law included in paragraph "1".  To the extent a response is required, the defendants deny the allegations in paragraph "1" of plaintiffs' complaint.

2.      Defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law included in paragraph "2".  To the extent a response is required, the defendants deny the allegations in paragraph "2" of plaintiffs' complaint.

3.      Defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law included in paragraph "3".  To the extent a response is required, the defendants admit that Twin Harbors Restaurant employed plaintiffs for a certain period of time and deny all remaining averments of paragraph "3" of plaintiffs' complaint.

4. Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of plaintiffs' complaint.

5. Admit that Plaintiff Jose Miguel Hernandez (hereinafter "Hernandez") was employed by Defendants until on or about May 28, 2017 at Defendants' "Twin Harbors Restaurant" located at 341 Bayville Avenue, Bayville, New York and deny all remaining averments of paragraph "5" of plaintiffs' complaint.

6. Admit that Plaintiff Umana Cabrera worked at Twin Harbors Restaurant located at 341 Bayville Avenue, Bayville, New York up until April 12, 2017 and deny all remaining averments of paragraph "6" of plaintiffs' complaint.

7. Admit the allegations contained in paragraph "7" of plaintiffs' complaint.

8. Admit the allegations contained in paragraph "8" of plaintiffs' complaint.

9. Admit the allegations contained in paragraph "9" of plaintiffs' complaint.

10. Admit the allegations contained in paragraph "10" of plaintiffs' complaint.

11. Admit that Defendant Pederson was an officer of Defendant Twin Harbors and deny all remaining averments of paragraph "11" of plaintiffs' complaint.

12. Deny the allegations contained in paragraph "12" of plaintiffs' complaint.

13. Deny the allegations contained in paragraph "13" of plaintiffs' complaint.

14. Defendants deny the allegations contained in paragraph "14" of plaintiffs' complaint.

15. Defendants admit the allegations contained in paragraph "15" of plaintiffs' complaint.

16. Defendants deny the allegations contained in paragraph "16" of plaintiffs' complaint.

17.     Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "17" of plaintiffs' complaint.

18.     Defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law included in paragraph "18".  To the extent a response is required, the defendants admit that Twin Harbors Restaurant employed plaintiffs for a certain period of time and deny all remaining averments of paragraph "18" of plaintiffs' complaint.

19.     Admit that plaintiffs were employees at Twin Harbors Restaurant and deny all remaining averments of paragraph "19" of plaintiffs' complaint.

20.     Deny the allegations contained in paragraph "20" of plaintiffs' complaint.

21.     Deny the allegations contained in paragraph "21" of plaintiffs' complaint.

22.     Admit the allegations contained in paragraph "22" of plaintiffs' complaint.

23.     Admit the allegations contained in paragraph "23" of plaintiffs' complaint.

24.     Admit the allegations contained in paragraph "24" of plaintiffs' complaint.

25.     Deny the allegations contained in paragraph "25" of plaintiffs' complaint.

26.     Deny the allegations contained in paragraph "26 Deny the allegations contained in paragraph "21" of plaintiffs' complaint.

27.     Deny the allegations contained in paragraph "27" of plaintiffs' complaint.

28.     Deny the allegations contained in paragraph "28" of plaintiffs' complaint.

29.     Deny the allegations contained in paragraph "29" of plaintiffs' complaint.

30.     Deny the allegations contained in paragraph "30" of plaintiffs' complaint.

31.     Deny the allegations contained in paragraph "31" of plaintiffs' complaint.

32.     Deny the allegations contained in paragraph "32" of plaintiffs' complaint.

33.     Deny the allegations contained in paragraph "33" of plaintiffs' complaint.

34.     Deny the allegations contained in paragraph "34" of plaintiffs' complaint.

35.     Deny the allegations contained in paragraph "35" of plaintiffs' complaint.

36.     Admit the allegations contained in paragraph "36" of plaintiffs' complaint.

37.     Admit the allegations contained in paragraph "37" of plaintiffs' complaint.

38.     Deny the allegations contained in paragraph "38" of plaintiffs' complaint.

39.     Deny the allegations contained in paragraph "39" of plaintiffs' complaint.

40.     Deny the allegations contained in paragraph "40" of plaintiffs' complaint.

41.     Deny the allegations contained in paragraph "41" of plaintiffs' complaint.

42.     Deny the allegations contained in paragraph "42" of plaintiffs' complaint.

43.     Deny the allegations contained in paragraph "43" of plaintiffs' complaint.

44.     Deny the allegations contained in paragraph "44" of plaintiffs' complaint.

45.     Deny the allegations contained in paragraph "45" of plaintiffs' complaint.

46.     Admit the allegations contained in paragraph "46" of plaintiffs' complaint.

47.     Admit the allegations contained in paragraph "47" of plaintiffs' complaint.

48.     Admit the allegations contained in paragraph "48" of plaintiffs' complaint.

49.     Admit the allegations contained in paragraph "49" of plaintiffs' complaint.

50.     Admit the allegations contained in paragraph "50" of plaintiffs' complaint.

51.     Admit the allegations contained in paragraph "51" of plaintiffs' complaint.

52.     Admit the allegations contained in paragraph "52" of plaintiffs' complaint.

53.     Deny the allegations contained in paragraph "53" of plaintiffs' complaint.

54.     Deny the allegations contained in paragraph "54" of plaintiffs' complaint.

55.     Deny the allegations contained in paragraph "55" of plaintiffs' complaint.

56.     Deny the allegations contained in paragraph "56" of plaintiffs' complaint.

57.     With regard to paragraph "57" of plaintiffs' complaint, the answering defendants repeat and reiterate each response to the allegations contained in each of the paragraphs of the complaint with the same force and effect as previously set forth at length.

58.     Defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law included in paragraph "58".

59.     Defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law included in paragraph "59".  To the extent a response is required, the defendants deny the allegations in paragraph "59" of plaintiffs' complaint.

60.     Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "60" of plaintiffs' complaint.

61.     Admit the allegations contained in paragraph "61" of plaintiffs' complaint.

62.     Defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law included in paragraph "62".  To the extent a response is required, the defendants deny the allegations in paragraph "62" of plaintiffs' complaint.

63.     Defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law included in paragraph "63".

64.     Deny the allegations contained in paragraph "64" of plaintiffs' complaint.

65.     Defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law included in paragraph "65".

66.     Defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law included in paragraph "66".

67.     Deny the allegations contained in paragraph "67" of plaintiffs' complaint.

68.     Deny the allegations contained in paragraph "68" of plaintiffs' complaint.

69.     Deny the allegations contained in paragraph "69" of plaintiffs' complaint.

70.     With regard to paragraph "70" of plaintiffs' complaint, the answering defendants repeat and reiterate each response to the allegations contained in each of the paragraphs of the complaint with the same force and effect as previously set forth at length.

71.     Admit that plaintiffs were employed by Twin Harbors Restaurant for a certain period of time and deny all remaining averments of paragraph "71" of plaintiffs' Complaint.

72.     Defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law included in paragraph "72".

73.     Admit Defendant Twin Harbors was a restaurant and deny all remaining averments of paragraph "73" of plaintiffs' Complaint.

74.     Admit that plaintiffs were employees of Twin Harbors Restaurant for a certain period of time and deny all remaining averments of paragraph "74" of plaintiffs' Complaint.

75.     Defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law included in paragraph "75".

76.     Admit that plaintiffs were employees of Twin Harbors Restaurant for a certain period of time and deny all remaining averments of paragraph "76" of plaintiffs' Complaint.

77.     Defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law included in paragraph "77".

78.     Defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law included in paragraph "78".

79.     Deny the allegations contained in paragraph "79" of plaintiffs' complaint.

80.     Deny the allegations contained in paragraph "80" of plaintiffs' complaint.

81.     Defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law included in paragraph "81".

82.     Deny the allegations contained in paragraph "82" of plaintiffs' complaint.

83.     Deny the allegations contained in paragraph "83" of plaintiffs' complaint.

84.     Deny the allegations contained in paragraph "84" of plaintiffs' complaint.

85.     With regard to paragraph "85" of plaintiffs' complaint, the answering defendants repeat and reiterate each response to the allegations contained in each of the paragraphs of the complaint with the same force and effect as previously set forth at length.

86.     Deny the allegations contained in paragraph "86" of plaintiffs' complaint.

87.     Deny the allegations contained in paragraph "87" of plaintiffs' complaint.

88.     Deny the allegations contained in paragraph "88" of plaintiffs' complaint.

89.     Deny the allegations contained in paragraph "89" of plaintiffs' complaint.

90.     Deny the allegations contained in paragraph "90" of plaintiffs' complaint.

91.     With regard to paragraph "91" of plaintiffs' complaint, the answering defendants repeat and reiterate each response to the allegations contained in each of the paragraphs of the complaint with the same force and effect as previously set forth at length.

92.     Deny the allegations contained in paragraph "92" of plaintiffs' complaint.

93.     Deny the allegations contained in paragraph "93" of plaintiffs' complaint.

94.     Deny the allegations contained in paragraph "94" of plaintiffs' complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a cause of action or claim upon which relief may be granted as a matter of fact and law.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, by applicable statutes of limitation or the doctrine of laches.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants acted in good faith and have not violated any rights secured under federal, state or local laws, rules, regulations or guidelines.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Any acts or omissions by Defendants were in good faith, and Defendants had reasonable grounds for believing that any such acts or omissions were not in violation of the New York Labor Law ("NYLL").

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, pursuant New York law as Defendants acted in good faith and in conformity with and reliance upon written administrative regulations, orders, rulings, interpretations and/or administrative practices or enforcement policies of the

Administrator of the Wage and Hour Division of the United State Department of Labor and/or of the New York State Department of Labor.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, pursuant New York law because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of New York law, and as such, Defendants assert a lack of willfulness, recklessness, or intent to violate any applicable state law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim under New York law upon which either pre-judgment or post-judgment interest, liquidated damages, or attorneys' fees may be awarded.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, because of payment, accord and/or satisfaction to Plaintiffs.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Defendants at all times acted in good faith with respect to the Plaintiffs and the compensation paid to the Plaintiffs, did not act willfully, has acted in conformity with and in reliance on the applicable administrative regulations, orders, rulings, and interpretations concerning the New York Labor Law, and/or Federal Labor Standards Act and have acted with reasonable grounds to believe their actions were in conformity with the statute and accordingly no award of liquidated damages is appropriate in the event Defendants are found to be liable for all or any part of the relief requested in Plaintiffs' Complaint.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiffs have been fully paid for all services furnished and there are no payments due and owing to the Plaintiff.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

To the extent discovery reveals Plaintiffs falsely reported hours of work and there is no evidence that Defendants authorized, suffered or permitted the false reporting of hours, Defendants invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiffs.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

To the extent Defendants failed to pay Plaintiffs for any of the activities alleged in Plaintiffs' Complaint -- which Defendants deny -- such activities do not constitute compensable work and, furthermore, such activities were not an integral and indispensable part of Plaintiffs' principal duties of employment and are not compensable.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to the benefit of all legal and equitable limitations and/or reductions imposed by statute or otherwise on any award of damages, costs, fees and/or disbursements to the Plaintiffs.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed, in whole or in part, to the extent that the work he performed falls within exemptions, exclusions, exceptions, offsets or credits under the NYLL and/or the FSLA.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any of the damages alleged in Plaintiffs' Complaint, such damages were suffered solely as a result of their own negligent, recklessness, unlawful, illegal and/or

improper actions, practices and/or conduct, and their culpable conduct is a bar to any recovery against Defendants.

class.

### AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are estopped by the submissions of their own time records for which Defendants compensated them for all overtime worked and claimed.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and precluded, in whole or in part, by the doctrine of avoidable consequences and estoppel.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Defendants presently have insufficient knowledge or information upon which a belief can be formed as to whether the Defendants may have additional, but yet unknown and unstated, affirmative defenses. Defendants reserve the right to amend their answer to assert such additional affirmative defenses in the event that discovery reveals that additional defenses are appropriate.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Defendants invoke the defenses, protections, and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' action is barred to the extent Plaintiffs seek recovery for time that is not compensable time, i.e., "hours worked" under the FLSA and NYLL.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

In the alternative, Defendants are entitled to offset monies or other consideration paid or provided to Plaintiffs by Defendants for periods in which Plaintiff was not engaged to work.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

Without assuming the burden of proof, Plaintiffs were compensated for all hours worked in excess of 40 hours in any particular workweek (as Plaintiffs themselves reported their time worked) at a rate not less than that set forth by the overtime provisions of the FLSA and NYLL.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert further affirmative defenses as they become evident through or during the course of discovery.

WHEREFORE, the Defendants respectfully pray that the Complaint herein be dismissed in its entirety with costs to the Defendants and such further relief that this Honorable Court may deem just and proper.

Dated: Uniondale, New York
        July 2, 2019

Yours, etc.,

FORCHELLI DEEGAN TERRANA LLP

By: _____
        ELBERT F. NASIS
Attorneys for Defendants
333 Earle Ovington Boulevard, Suite 1010
Uniondale, New York 11553
(516) 248-1700